**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **FOURKITES, INC.** <br><br> Plaintiff, <br><br> v. <br><br> **MACROPOINT, LLC,** <br><br> Defendant. | **Case No. 15-cv-5592** |

## COMPLAINT

Plaintiff FourKites, Inc. ("FourKites") for its Complaint for Declaratory Judgment against Defendant MacroPoint, LLC ("MacroPoint") alleges as follows:

## INTRODUCTION

1. This is a declaratory judgment action seeking a declaration of non-infringement and invalidity of one or more claims of United States Patent No. 8,604,943 ("the '943 patent"), attached hereto as Exhibit A.

## PARTIES

2. FourKites is a Delaware corporation having a principal place of business in Chicago, Illinois.

3. On information and belief, MacroPoint is a limited liability company organized and existing under the laws of the State of Ohio with a principal place of business in Cleveland, Ohio.

## JURISDICTION AND VENUE

4. This Complaint arises under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, based upon an

actual controversy between the parties.

5. The Court has original jurisdiction over the subject matter of these claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. On information and belief, the Court has personal jurisdiction over MacroPoint because it regularly transacts business in the State of Illinois and the Northern District of Illinois.

7. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391 and § 1400.

## PATENT IN SUIT

8. The '943 patent is entitled "systems and methods for monitoring location of freight carried by a vehicle."

9. The '943 patent issued on December 10, 2013.

10. The named inventor of the '943 patent is Bennet H. Adelson, and the '943 patent is assigned to MacroPoint.

11. The '943 patent claims systems and methods for tracking freight.

12. The '943 patent acknowledges that "conventional systems for monitoring vehicle location" existed before it.

13. Indeed, the '943 patent acknowledges that already-known systems included sophisticate implementation using technologies such as "radiolocation techniques including triangulation or multilateration methods that are capable of locating devices in a network."

14. The '943 patent even incorporated by reference the pre-existing International Association for the Wireless Telecommunications Industry's Best Practices and Guidelines for Location-Based Services (the "CTIA Guidelines"), which provided industry standards for the proper use of tracking systems, including the claimed features of notice and consent—more than

2 years before the filing date of the '943 patent.

15. At bottom, the '943 patent claims nothing more than the idea of tracking freight, and the recitations of technology—a computer, a communications device, a variety of signals—amount to nothing more than the use of a general computer to perform the method.

## **PRESENCE OF CONTROVERSY**

16. On May 19, 2015, MacroPoint filed suit against FourKites in the United States District Court for the Northern District of Ohio for infringement of the '943 patent. FourKites denies that it is subject to personal jurisdiction in the State of Ohio, and FourKites is moving to dismiss MacroPoint's complaint. In addition, FourKites denies MacroPoint's allegations. FourKites does not infringe any of the claims of the '943 patent, and all of the claims of the '943 patent are invalid.

17. Despite filing-suit against FourKites, MacroPoint has not served summons on FourKites. Instead, MacroPoint has sent threatening letters to various industry stakeholder that reiterate MacroPoint's allegations of FourKites' infringement of the '943 patent. In these letters, MacroPoint asserts that the '943 patent is valid, and that FourKites infringes claims of the '943 patent. MacroPoint's letters disparage FourKites to the industry and attempt to interfere with FourKites' ongoing business relationships and potential new relationships.

18. In light of all the circumstances, an actual, substantial, and continuing justiciable controversy exists having sufficient immediacy and reality to warrant the issuance of a declaration of rights by the Court between FourKites and MacroPoint as to whether FourKites infringes one or more claims of the '943 patent or whether any valid claim of the '943 patent exists.

## COUNT I

### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

19. FourKites repeats and realleges each of the allegations in the foregoing paragraphs as if fully set forth herein.

20. MacroPoint has accused FourKites of infringing claims of the '943 patent with the FourKites Platform and FourKites Driver Mobile application.

21. FourKites' manufacture, use, offer for sale, sale, and/or importation into the United States of the FourKites Platform and FourKites Driver Mobile application does not infringe any valid claim of the '943 patent.

22. There is an actual, substantial, and continuing justiciable case or controversy between FourKites and MacroPoint regarding infringement of the '943 patent in connection with the FourKites Platform and FourKites Driver Mobile application.

23. FourKites is entitled to a judicial determination that no valid, properly construed claim of the '943 patent claims the FourKites Platform and FourKites Driver Mobile application, and that the FourKites Platform and FourKites Driver Mobile application does not infringe any valid, properly construed claim of the '943 patent.

## COUNT II

### (DECLARATORY JUDGMENT OF INVALIDITY)

24. FourKites repeats and realleges each of the allegations in the foregoing paragraphs as if fully set forth herein.

25. The claims of the '943 patent are invalid for failure to comply with the requirements of patentability specified in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 120, and/or based on other judicially-

created bases for invalidation.

26. An actual and justiciable case or controversy exists between FourKites and MacroPoint as to whether one or more claims of the '943 patent is invalid.

27. FourKites is entitled to a declaration that the claims of the '943 patent are invalid.

## EXCEPTIONAL CASE

28. This case is an exceptional one, and FourKites is entitled to an award of its reasonable attorneys' fees and costs under 35 U.S.C. § 285.

## JURY DEMAND

Pursuant to Rules 38 and 57, FourKites demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, FourKites prays that the Court enter judgment in its favor and against MacroPoint as follows:

A. Finding that FourKites has not and will not infringe any valid claim of the '943 patent;

B. Finding that no claim of '943 patent is valid;

C. Declaring that the claims of the '943 patent are not infringed;

D. Declaring that the claims of the '943 patent are invalid;

E. Granting FourKites judgment in its favor on its claims;

F. Finding this case exceptional under 35 U.S.C. § 285 and awarding FourKites its costs and reasonable attorneys' fees; and

G. Awarding such further relief as the Court deems just and proper.

Dated: June 23, 2015　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　／s／Adam S. Weiss
　　　　　　　　　　　　　　　　　　　　　Adam S. Weiss (IL 6256842)

5

Mark T. Deming (IL 6299631)
POLSINELLI PC
161 North Clark Street
Suite 4200
Chicago, Illinois  60601
T: (312) 819-1900
F: (312) 819-1910
*aweiss@polsinelli.com*
*mdeming@polsinelli.com*

Attorneys for Plaintiff FourKites, Inc.